UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| FARRELL CHERRY, | ) | Civ. No.: 13-5057 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | FIRST AMENDED COMPLAINT |
| | ) | |
| SIEMENS HEALTHCARE | ) | |
| DIAGNOSTICS, INC., | ) | |
| | ) | |
| Defendant, | ) | |

COMES NOW the Plaintiff Farrell Cherry, by and through his attorney Charles

Abourezk, and for his First Amended Complaint, states and alleges as follows:

JURISDICTION, VENUE, AND PARTIES

1.  This Court has subject matter jurisdiction pursuant to 42 U.S.C. §2000, *et seq.*,

    2000e-2, and any provisions in 42 U.S.C. §2000, that would apply, and 28 U.S.C.

    §§1331, 1343, and 2201.

2.  Plaintiff is a resident of Rapid City, Pennington County, South Dakota, and venue

    is proper in this Court pursuant to 28 U.S.C. §1391.

3.  Siemens Healthcare Diagnostics, Inc., operating under a South Dakota Certificate

    of Authority and doing business in South Dakota, with CT Corporation System as

    it's Registered Agent, located in Pierre, South Dakota.

4.   Defendant is engaged in an industry affecting commerce as defined under 29 U.S.C. § 630 (h) and have employed twenty or more employees for each working day and each of twenty or more calendar weeks in the current or preceding calendar year and are employers within the meaning of 29 U.S.C. § 630 (b).

5.   Plaintiff timely filed written race and age discrimination charges under oath with the Equal Employment Opportunity Commission ("EEOC") on or about April 2, 2012, and received a Dismissal and Notice of Rights ("right to sue letter") from the EEOC on May 3, 2013, which is attached hereto as Exhibit 1 and incorporated herein by reference.

6.   Plaintiff was at all times pertinent to this action, including at the time of his termination, a fifty seven (57) year old, African-American male.

7.   At all times relevant to this action, Plaintiff was an employee of Defendant Siemens Healthcare Diagnostics, Inc., in the medical equipment business, among other things, authorized to conduct business in, and doing business in South Dakota, with more than 370,000 employees in the United States.

8.   Plaintiff worked as a Senior Field Service Engineer (Sr FSE) for Defendant from his home located at 7120 Dark Canyon Road, Rapid City, Pennington County, South Dakota.

9.   Plaintiff was employed with Defendant in 1981 and on or about November 4, 2011, Defendant discharged Plaintiff without advance notice.

10.    Plaintiff, at the time of his discharge, was the only African-American among sixteen (16) employees in the C101 Region (also known as Minneapolis Region) of Defendant, Siemens Healthcare Diagnostics, Inc., the rest of whom where all white males.

GENERAL ALLEGATIONS

11.    Plaintiff incorporates and alleges Paragraphs 1-10 as if set forth fully herein.

12.    Plaintiff had worked for Siemens Healthcare Diagnostics, Inc., in the Central 101 (C101) region for over thirty (30) years with his annual rate of pay averaging $83,000, at the time of his termination.

13.    Defendant was in the process of laying off approximately five percent (5%) of its entire workforce, which would be one, out of sixteen employees, in the C101 region.

14.    Plaintiff's immediate supervisor, Blaine Raymer, Customer Care manager of the C101 Region of Defendant, was who was located in Minnesota, made frequent derogatory remarks to Plaintiff that were racially motivated or contained racial animas. At a gathering of fellow employees and support staff, Plaintiff was told by Defendant's supervisor, Raymer that Raymer wished Plaintiff was more like Dave Eide, the white male who eventually replaced Plaintiff in his former position with Defendant.

15.   Plaintiff was accused by Defendant of struggling to meet performance expectations due to a poor performance evaluation in the year 2010, which was pretexual in nature as Plaintiff's problems were primarily related to poor equipment and support provided by Defendant.

16.   Upon information and belief, at the time of his termination, the Defendant was looking to implement a reduction-in-force in the C101 Division and they discharged the only African-American in the C101 Division

17.   As a result of Defendant's termination, Plaintiff has been forced to find new employment and take a position at a lower pay rate, and has suffered past and future loss of income and loss of health insurance and other benefits.

18.   As a result of the manner in which Plaintiff was terminated, and the past and subsequent conduct of Defendant, Plaintiff has suffered embarrassment, humiliation, mental anguish, shame, and emotional pain and suffering and emotional distress, and damages that are of an ongoing and continuous nature.

## UNLAWFUL DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT— DISPARATE TREATMENT

19.   Plaintiff incorporates and alleges Paragraphs 1-18 as if set fully herein.

20.   Plaintiff was treated differently than others similarly situated by Defendant's regional manager, Blaine Raymer, because of his race, in violation of federal law and regulation prohibiting discrimination based upon race and age.

21.   Upon information and belief, Defendants' discriminatory behavior was part of a custom, pattern and practice by Defendant at its various corporate offices and sectors of unlawful harassment and discrimination of employees that are of African-American descent.

22.   Plaintiff was subjected to illegal discrimination on the basis of his race at the time of the matters giving rise to this complaint by Defendant and it's supervisors, representatives, and employees, all with the knowledge of Defendant, which either explicitly and/or implicitly authorized such discriminatory conduct, and/or created or allowed to be created, a hostile working environment for Plaintiff because of his race, and eventual discharge because if his race.

23.   As a natural consequence and result of the discriminatory acts against Plaintiff by Defendant and its employees including but not limited to the regional manager, assistant manager(s), and regional officials and employees of Defendant at regional offices in Minnesota, Plaintiff was terminated from his employment.

24.   Plaintiff timely filed a charge of discrimination against the Defendant with the Equal Employment Opportunity Commission based upon race and/or age and has exhausted all of his administrative remedies.

25.   The hostile work environment created by Defendant for Plaintiff, and his subsequent wrongful termination, were based on discrimination because of Plaintiff's race, in violation of Title VII of the 1964 Civil Rights Act, as amended,

and other pertinent federal laws forbidding the same, which are raised herein.

## DISPARATE IMPACT UPON PLAINTIFF AND MEMBERS OF HIS PROTECTED CLASS — AFRICAN AMERICANS

26.   Plaintiff incorporates and alleges Paragraphs 1-25 as if set fully herein.

27.   Defendant maintains policies, programs, and classifications that impermissibly discriminate on the basis of race and that such policies, programs and classifications have had a disparate impact upon the Plaintiff and other members of his race, African-American (black) who are members of a protected class, in violation of federal law and regulation, including Title VII of the 1964 Civil Rights Act, as amended.

28.   Plaintiff was qualified for his position with Defendant, he was upon information and belief replaced by a less experienced, less proficient, white, male employee, Plaintiff's race was a but-for cause of Plaintiff's termination, and the circumstances of the conduct by Defendant toward Plaintiff leading up to and upon his termination, and subsequent to his termination permit a reasonable inference of discriminatory animus.

WHEREFORE, Plaintiff prays for the following relief, in a total of at least $250,000.00, as follows:

A.   An award of compensatory damages for loss of past, present and future income, employment and retirement benefits and out-of-pocket expenses, back pay and front pay, in an amount of at least $250,000.00, and prejudgment interest on said amounts.

B.  A money judgment representing liquidated damages for Defendant's willful violations of federal law, Title VII of the 1964 Civil Rights Act, as amended, if available under the law.

C.  An award of damages for past and future emotional pain and suffering, embarrassment, humiliation, mental anguish, and emotional distress, in an amount allowed by law to be determined by the jury.

D.  Declaratory judgment that the Defendant has violated Plaintiff's rights under the Title VII of the 1964 Civil Rights Act, as amended, and that Defendant's policies, programs and classifications have had a disparate impact upon the Plaintiff and other members of his race who are or have been employed by the Defendant.

E.  A permanent injunction prohibiting Defendant and its employees, agents, officers, representatives and servants from discriminating on the basis of race in its workplace.

F.  Reasonable attorney fees as provided by law;

G.  Costs and disbursements; and

H.  Any other relief the Court deems equitable and just.

Dated this 20th day of August, 2013.

ABOUREZK & ZEPHIER, P.C.

BY:  /s/ Charles Abourek
Charles Abourezk
PO Box 9460
Rapid City SD 57709-9460
(605) 342-0097
*Attorney for Plaintiff*

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY

## CERTIFICATE OF SERVICE

I, Charles Abourezk, hereby certify that on the 20th of August, 2013, I caused to be served, via mail and e-mail, a true and correct copy of *First Amended Complaint*, addressed to:

Holly M. Robbins
Littler Mendelson, PC
80 South 8th Street
Minneapolis MN 55402-2136

BY: /s/ Charles Abourek